JP:KN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M-06-1178

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    -against-

TIMOTHY McINTOSH,

        Defendant.

- - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    ISMAEL HERNANDEZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, on or about April 11, 2006, within the Eastern District of New York, the defendant TIMOTHY McINTOSH, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a .380 caliber Davis semi-automatic pistol and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

    (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. I have been a Special Agent of the ATF for approximately five years, and I am currently assigned to a firearms and violent crimes group with the ATF New York Field Office. The factual information supplied in this affidavit is based in part on information from reviews of records of the New York Police Department ("NYPD"), conversations with police officers and other official records of government agencies.

2. On April 11, 2006, New York City Police Officers were on patrol within the 123rd precinct in Staten Island, New York. At approximately 4:00 p.m. on that date, they observed the defendant talking on his cell phone while driving a car without the aid of a hands-free device in the vicinity of Amboy Road and Page Avenue, Staten Island, NY. They conducted a traffic stop in order to issue the defendant a traffic summons for talking on the cell phone.

3. As they approached the defendant, he was reaching for something and refused to take his hands out of his pockets. The defendant was asked to step out of the car. The defendant had a cigarette pack in his hand. One of the officers removed

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest TIMOTHY McINTOSH, as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

2

the pack from his hand and placed it on the hood of the car. The pack was open and the officers observed what appeared to be crack-cocaine inside the pack. Upon further inspection of the cigarette pack, the officers recovered 30 small rocks of crack-cocaine from inside the cigarette pack. The defendant was then placed under arrest.

    4. The officers drove the defendant's car back to the 123rd precinct and conducted an inventory search of the car. They recovered an additional quantity of powder cocaine from inside the car as well as a .380 caliber Davis semi-automatic pistol that was wedged in between the seat and the middle consol. The pistol was loaded with ammunition.

    5. A criminal history check of the defendant TIMOTHY McINTOSH revealed that he was convicted on June 22, 1994, in Richmond County, New York, for Criminal Sale of a Controlled Substance in the Second Degree, which is a felony punishable by a term of imprisonment of more than one year, and was sentenced to a term of imprisonment of six years to life.

    6. As an ATF Interstate Nexus Expert, I know that the above-mentioned .380 caliber Davis semi-automatic pistol was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant TIMOTHY McINTOSH so that he may be dealt with according to law.

_____
ISMAEL HERNANDEZ, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
9th day of November 2006

4